MATTHEW A. CROSBY, CSB #070524
MICHAEL C. CROSBY, CSB #277849
CROSBY & CROSBY,
A PROFESSIONAL LAW CORPORATION
1570 The Alameda, Suite 200
San Jose, CA  95126
e-mail: matt@crosbyplc.com
e-mail: mike@crosbyplc.com
Telephone:  408-370-7500
Facsimile:   408-984-5063

Attorneys for Defendants
JOHN H. RASNICK and J. BASIL MATTINGLY

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN H. RASNICK, an individual; and J. BASIL MATTINGLY, an individual,<br><br>                Plaintiffs,<br>vs.<br><br>JACKSON LEWIS P.C., a Pennsylvania professional corporation; DAVID R. JOHANSON, an individual; DOUGLAS A. RUBEL, an individual; JAMIE Y. LEE, an individual; MONICA R. PATEL, an individual; and DOES 1 through 50, inclusive,<br><br>                Defendants. | CASE NO. 5:15-CV-04943<br><br>**COMPLAINT FOR DAMAGES FOR LEGAL MALPRACTICE, BREACH OF CONTRACT, EQUITABLE INDEMNIFICATION, AND CONTRIBUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs JOHN H. RASNICK ("RASNICK") and J. BASIL MATTINGLY ("MATTINGLY") [collectively, "Plaintiffs"] hereby allege as follows:

**STATEMENT OF THE CASE**

1. This is an action by Plaintiffs for legal malpractice claims against their former attorneys (the "Attorneys"). Throughout the underlying litigation, the Attorneys failed to respond to numerous meet and confer communications, failed to comply with mediation requirements, and failed to properly assist Plaintiffs in responding to discovery. The effects of Attorneys' failures were far-reaching. Over $200,000.00 in monetary sanctions were issued against Plaintiffs and Attorneys, jointly and severally — paid entirely by Plaintiffs — coupled with an adverse inference sanction in

the form of a jury instruction. Plaintiffs were also forced to incur: (i) over $200,000.00 in expenses for forensic examination of their media and devices; and (ii) hundreds of thousands of dollars in attorney's fees paid to subsequent counsel to counteract the repercussions of Attorneys' deficient representation of Plaintiffs. In summary, the Attorneys failed to use the skill and care that a reasonably careful attorney would have used in similar circumstances.

## INTRODUCTORY ALLEGATIONS

### Jurisdiction and Venue

2. This action is brought under the legal malpractice laws, breach of contract laws, indemnification laws, and contribution laws of the State of California. This Court has jurisdiction pursuant to 28 U.S.C. §§1332 of the Judicial Code inasmuch as there is complete diversity of citizenship between Plaintiffs and defendants, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

3. Venue in this judicial district is proper under 28 U.S.C. §1391(b)(2), inasmuch as the events and omissions giving rise to the claim occurred, in whole or in part, within this District, i.e., JACKSON LEWIS P.C. and the individual defendant Attorneys' legal representation of Plaintiffs in the matter of Clear-View Technologies, Inc. v. John H. Rasnick, et al. (U.S. District Court, Northern District of California, San Jose Division, Case No. 5:13-CV-02744-BLF) [the "CVT Action"]. Moreover, Plaintiffs are informed and believe, and thereon allege, that: (i) defendant JACKSON LEWIS P.C. maintains an office within the judicial district of the U.S. District Court, Northern District of California; and (ii) individual defendants DAVID R. JOHANSON and MONICA R. PATEL reside within the judicial district of the U.S. District Court, Northern District of California.

### Parties

4. Plaintiff JOHN H. RASNICK ("RASNICK") is an individual citizen of the State of Kentucky. RASNICK was represented by JACKSON LEWIS P.C., and its individual attorneys named as defendants herein, in the CVT Action from approximately June 14, 2013 through November 14, 2014.

///

5. Plaintiff J. BASIL MATTINGLY ("MATTINGLY") is an individual citizen of the State of Kentucky. MATTINGLY was represented by JACKSON LEWIS P.C., and its individual attorneys named as defendants herein, in the CVT Action from approximately June 14, 2013 through November 14, 2014.

6. Defendant JACKSON LEWIS P.C. (formerly known as, and the successor in interest to, Jackson Lewis LLP) ["JACKSON LEWIS"] is, and at all times herein mentioned was, a Pennsylvania professional corporation doing business in the state of California. It was incorporated on October 17, 2013. Plaintiffs are informed and believe, and thereon allege, that JACKSON LEWIS maintains offices in the following locations in the state of California: Los Angeles, Newport Beach, Sacramento, San Diego, and San Francisco. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, individual defendants JOHANSON, RUBEL, LEE, and PATEL were the partners, employees, and/or agents of JACKSON LEWIS, and in doing the things herein alleged were acting within the scope of such agency. Plaintiffs are informed and believe, and thereon allege, that JACKSON LEWIS was, at all relevant times herein, a law firm engaged in a general business litigation practice.

7. Defendant DAVID R. JOHANSON ("JOHANSON") is an individual. Plaintiffs are informed and believe, and thereon allege, that JOHANSON is a citizen of the State of California, and resides within the judicial district of the U.S. District Court, Northern District of California. JOHANSON is an attorney at law admitted to the State Bar of California on June 1, 1993. JOHANSON is, and at all times herein mentioned was, licensed to engage in the practice of law. His California State Bar Number is #164141. Plaintiffs are informed and believe, and thereon allege, that at all relevant times herein JOHANSON was a partner and/or employee of defendant JACKSON LEWIS and an attorney of record for Plaintiffs in the CVT Action.

8. Defendant DOUGLAS A. RUBEL ("RUBEL") is an individual. Plaintiffs are informed and believe, and thereon allege, that RUBEL is a citizen of the State of Georgia. RUBEL is an attorney at law admitted to the State Bars of the District of Columbia, Maryland, and North Carolina. RUBEL was admitted to practice *pro hac vice* in the U.S. District Court, Northern District of California, on May 14, 2014 in the CVT Action. RUBEL is, and at all times herein mentioned

was, licensed to engage in the practice of law. His North Carolina State Bar Number is #29824. Plaintiffs are informed and believe, and thereon allege, that at all relevant times herein RUBEL was a partner and/or employee of defendant JACKSON LEWIS and an attorney of record for Plaintiffs in the CVT Action.

9. Defendant JAMIE Y. LEE ("LEE") is an individual. Plaintiffs are informed and believe, and thereon allege, that LEE is a citizen of the State of California. LEE is an attorney at law admitted to the State Bar of California on December 2, 2003. LEE is, and at all times herein mentioned was, licensed to engage in the practice of law. Her California State Bar Number is #228389. Plaintiffs are informed and believe, and thereon allege, that at all relevant times herein LEE was an employee of defendant JACKSON LEWIS and an attorney of record for Plaintiffs in the CVT Action.

10. Defendant MONICA R. PATEL ("PATEL") is an individual. Plaintiffs are informed and believe, and thereon allege, that PATEL is a citizen of the State of California, and resides within the judicial district of the U.S. District Court, Northern District of California. PATEL is an attorney at law admitted to the State Bar of California on January 9, 2012. PATEL is, and at all times herein mentioned was, licensed to engage in the practice of law. Her California State Bar Number is #281786. Plaintiffs are informed and believe, and thereon allege, that at all relevant times herein PATEL was an employee of defendant JACKSON LEWIS and an attorney of record for Plaintiffs in the CVT Action.

11. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 though 50, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by their conduct.

12. JACKSON LEWIS, and its individual attorneys JOHANSON, RUBEL, LEE, PATEL, and DOES 1 through 50, are referred to collectively as the "Attorneys".

///

13. At all times relevant to this action, each defendant, including those fictitiously named, was the agent, servant, employee, partner, joint venturer, or surety of the other defendants and was acting within the scope of said agency, employment, partnership, venture, or suretyship, with the knowledge and consent or ratification of each of the other defendants in doing the things alleged herein.

**FIRST CAUSE OF ACTION**

**[By Plaintiffs Against JACKSON LEWIS, JOHANSON, RUBEL, LEE, PATEL, and DOES 1 - 50
for Legal Malpractice Based on Negligence]**

14. Plaintiffs refer to and incorporate by this reference as if set forth in full herein the allegations contained in paragraphs 1 - 13, inclusive, of this complaint.

**The CVT Action**

15. Plaintiffs RASNICK and MATTINGLY are shareholders of Clear-View Technologies, Inc., a California corporation formed on December 1, 2006 ("CVT"). Plaintiffs were named as defendants in a lawsuit filed by CVT on June 14, 2013 entitled <u>Clear-View Technologies, Inc v. John H. Rasnick, et al.</u> (U.S. District Court, Northern District of California, San Jose Division, Case No. 5:13-CV-02744-BLF) [the "CVT Action"]. CVT's lawsuit alleged that Plaintiffs: (i) attempted to dissuade another investor from making an additional investment in CVT; and (ii) conspired with others to take control of CVT and/or misappropriate its trade secrets. Neither of those allegations was true. At the conclusion of an eight (8) day jury trial, Plaintiffs — represented by subsequent counsel — obtained a jury verdict and judgment in their favor on all causes of action.

16. At the outset of the CVT Action, Plaintiffs retained and employed JACKSON LEWIS to represent them in the CVT Action. JACKSON LEWIS accepted said employment and agreed to perform legal services for Plaintiffs in the CVT Action. Plaintiffs are informed and believe, and thereon allege, that JACKSON LEWIS assigned attorneys JOHANSON, RUBEL, LEE, and PATEL to Plaintiffs' defense of the CVT Action.

17. At all times thereafter, defendant Attorneys, and each of them, failed to exercise reasonable care and skill in undertaking to perform such legal services for Plaintiffs in the CVT Action. Defendant Attorneys' negligent acts and omissions include, but are not limited to, the

following:

    (a)    Failed to comply with mediation briefing requirements.

    (b)    Failed to notify plaintiff MATTINGLY that his personal appearance was required at mediation.

    (c)    Prejudiced Plaintiffs' mediation efforts by challenging the neutrality of the court-appointed mediator.

    (d)    Failed to respond to numerous meet and confer communications from opposing counsel.

    (e)    Caused a stay in discovery to take effect from October 30, 2014 through January 5, 2015, which hindered further discovery.

    (f)    Failed to advise Plaintiffs with regard to the proper performance of Plaintiffs' discovery duties.

    (g)    Caused Plaintiffs to incur expenses in the amount of $214,539.90 for forensic examination of Plaintiffs' devices and media.

    (h)    JOHANSON and RUBEL, the two (2) lead attorneys assigned to Plaintiffs' defense, left JACKSON LEWIS to join another firm on the same date, i.e., November 14, 2014, that new counsel substituted in for JACKSON LEWIS to represent Plaintiffs in the CVT Action.

    (i)    Negligently advised Plaintiffs regarding their discovery obligations, and failed to advise Plaintiffs regarding their discovery obligations, which failures resulted in a monetary sanction of $212,320.00 against Plaintiffs and Attorneys (the "Monetary Sanction") ["Defendants and their prior counsel[90] therefore are jointly and severally liable for the following fees . . . [90]Defendants' prior counsel must be sanctioned for improperly certifying Defendants' discovery responses, and for subsequently failing to intervene ever after "obvious red flags" arose . . . " – see Order Granting-in-Part Plaintiff's Motion for Sanctions filed on May 13, 2015 as document no. 196 in the CVT Action.].

    (j)    Failed and refused to join in and/or assist with Plaintiffs' opposition to a motion for sanctions, which resulted in: (i) the issuance of $212,320.00 in monetary sanctions against Plaintiffs and Attorneys, jointly and severally, which was paid entirely by Plaintiffs; and (ii)

the issuance of an adverse inference sanction against Plaintiffs, which was read to the jury at the trial of the CVT Action.

(k)   Received approximately $100,000.00 in payments from Plaintiffs for attorney's fees incurred in Attorney's deficient representation of Plaintiffs.

(l)   Caused Plaintiffs to incur approximately $106,395.00 in attorney's fees for time spent by subsequent counsel to remedy the effects of Attorneys' deficient representation of Plaintiffs.

(m)   Failed to communicate regularly with Plaintiffs and to keep Plaintiffs reasonably informed about significant developments relating to the representation.

18.   Had the defendant Attorneys exercised proper care and skill in the foregoing matters: (i) Plaintiffs would not have incurred hundreds of thousands of dollars in additional fees and costs associated with a motion for sanctions; and (ii) Plaintiffs' subsequent counsel would not have incurred additional time and expense in addressing and overcoming an adverse inference sanction in the course of Plaintiffs' successful defense of the CVT Action.

19.   As a proximate result of such negligence, Plaintiffs have been damaged in a sum according to proof, but no less than **$633,254.90**.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION

**[By Plaintiffs Against JACKSON LEWIS, JOHANSON, RUBEL, LEE, PATEL, and DOES 1 - 50 for Breach of Contract]**

20.   Plaintiffs refer to and incorporate by this reference as if set forth in full herein the allegations contained in paragraphs 1 - 19, inclusive, of this complaint.

21.   Plaintiffs and JACKSON LEWIS entered into a written agreement for representation of Plaintiffs by JACKSON LEWIS in the CVT Action (the "Agreement").

22.   Plaintiffs have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of the Agreement.

23.   Defendant Attorneys breached the Agreement by their negligent representation of Plaintiffs in the CVT Action, as set forth more fully above in Paragraphs 17-18 of this complaint.

24. As a result of defendant Attorneys' breach of the Agreement, Plaintiffs have been damaged in a sum according to proof, but no less than **$633,254.90**.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

**[By Plaintiffs Against JACKSON LEWIS, JOHANSON, RUBEL, LEE, PATEL, and DOES 1 - 50 for Equitable Indemnification & Apportionment of Fault]**

25. Plaintiffs refer to and incorporate by this reference as if set forth in full herein the allegations contained in paragraphs 1 - 24, inclusive, of this complaint.

26. Plaintiffs contend that they are not liable for the events and occurrences that led to the joint and several obligation of the Monetary Sanction. Nevertheless, Plaintiffs paid the Monetary Sanction in full.

27. Plaintiffs' liability for the Monetary Sanction was based solely upon a derivative form of liability not resulting from Plaintiffs' conduct, but only from an obligation imposed on Plaintiffs by law. Therefore, Plaintiffs are entitled to complete indemnity from each Defendant.

28. Each Defendant should be required (i) to pay a share of the Monetary Sanction which is in proportion to the comparative negligence of that Defendant in causing the Monetary Sanction and other economic losses alleged herein; and (ii) to reimburse Plaintiffs for any and all payments made by Plaintiffs on the Monetary Sanction and on the other economic losses alleged herein in excess of Plaintiff's proportional share of the negligence of all parties hereto. Plaintiffs contend that their proportional share is 0% and the proportional share of the Defendants is 100%.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION

**[By Plaintiffs Against JACKSON LEWIS, JOHANSON, RUBEL, LEE, PATEL, and DOES 1 - 50 for Contribution & Reimbursement - California Civil Code §1432, & CCP §§875 & 883]**

29. Plaintiffs refer to and incorporate by this reference as if set forth in full herein the allegations contained in paragraphs 1 - 28, inclusive, of this complaint.

///

30. On May 13, 2015, Plaintiffs and Defendants became obligated, jointly and severally, for a Monetary Sanction in the amount of $212,320.00. The Monetary Sanction was ordered by the Hon. Paul S. Grewal in the court's *Order Granting-In-Part Plaintiff's Motion For Sanctions* filed on May 13, 2015 as document no. 196 in the CVT Action (the "Order"). See 16:7-9 and footnote 90 of the Order ["Defendants and their prior counsel[90] therefore are jointly and severally liable for the following fees . . . "].

31. Plaintiffs demanded that JACKSON LEWIS pay the Monetary Sanction. JACKSON LEWIS failed and refused to pay any portion of the Monetary Sanction. As a result, on or about June 9, 2015, Plaintiffs were compelled to and did pay the full amount of the Monetary Sanction. Defendants herein, *i.e.*, the Attorneys, paid none of the Monetary Sanction.

32. Defendants have failed and refused, and continue to fail and refuse, to contribute to Plaintiffs the Defendants' share of the Monetary Obligation (*i.e.*, the whole thereof) or any part thereof, despite Plaintiffs' demand for the same.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

**On the First Cause of Action:**

1. For compensatory damages no less than $633,254.90, and according to proof.
2. For interest on said compensatory damages.

**On the Second Cause of Action:**

3. For compensatory damages no less than $633,254.90, and according to proof.
4. For interest on said compensatory damages.
5. For reasonable attorney's fees and costs of suit.

**On the Third Cause of Action:**

6. A judgment in a proportionate share from each Defendant;
7. A judicial determination that Defendants were the legal cause of any injuries and damages sustained by Plaintiffs and that Defendants indemnify Plaintiffs, either completely or partially, for the Monetary Sanction and the other economic losses suffered by Plaintiffs.

**On the Fourth Cause of Action:**

8. For total contribution in the amount of $212,320.00, to be divided equally

1. among the Defendants, or allocated all to JACKSON LEWIS.

9. For interest on the sum of $212,320.00 at ten percent (10%) per annum from and after June 9, 2015.

**On All Causes of Action:**

10. For costs of suit herein incurred.

11. For such other and further relief as the court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs JOHN H. RASNICK and J. BASIL MATTINGLY hereby demand a trial by jury as to all issues so triable in this action.

Dated: October 27, 2015

        CROSBY & CROSBY,
        A PROFESSIONAL LAW CORPORATION

By: _____
    MICHAEL C. CROSBY,
    Attorney for Plaintiffs
    JOHN H. RASNICK and J. BASIL MATTINGLY

ComplaintForLegalMalpractice.wpd